Young, J.
(concurring). I concur in the Court’s decision to decline the request of the United States Court of Appeals for the Ninth Circuit to answer its question concerning our Minimum Wage Law, MCL 408.381 et seq.
I have previously expostulated at length concerning why I believe that this Court lacks the constitutional authority to provide such “advisory opinions” to the federal courts. See In re Certified Question (Melson v Prime Ins Syndicate, Inc), 472 Mich 1225 (2005) (Young, J., concurring). While I rely on all the reasons I have laboriously, but thus far unpersuasively, stated previously on the question of our lack of authority, I write here to note, not only does this Court lack constitutional authority to provide an “advisory lesson on Michigan law” for the Ninth Circuit, but that the parties who sought certification by the Ninth Circuit have failed even to bother to comply with the requirements of MCR 7.305(B). That rule outlines procedures by which a federal court may seek such gratuitous advice from this Court. The parties apparently have so little regard for our procedures that they failed to follow (or ignored) the obligation of our rule to file conforming briefs and a joint appendix with this Court (MCR 7.305[B][3]).
Admittedly, these are “mere” procedures that impede the march to provide a federal court a didactic exegesis on our law. However, failure to abide by the controlling rules of the state court concerning certified questions has been a sufficient basis for other state courts to decline a federal court’s request to answer a certified question. See Diamond Club v Ins Co of North America, 984 F2d 746, 747-748, (CA 6, 1993) (The Ohio Supreme Court refused to answer a certified question because the Sixth Circuit Court of Appeals faded to comply with Ohio’s rules.).
*1229 We hold parties over whom we actually do have jurisdiction to meticulous compliance with our rules. I see no reason why we should accord parties over which we have no authority to a lesser standard of compliance. This alone is a sufficient reason for me to decline to answer the Ninth Circuit’s certified question in this case.
Finally, I appreciate my dissenting colleague’s concerns that federal courts should not misconstrue Michigan law or disrespect our state’s judicial system.[1] However laudatory these prudential considerations may be, I do not believe they are a legitimate basis for exceeding our constitutionally limited “judicial power.” As I have stated elsewhere, the limit on our judicial power precludes this Court from issuing nonbinding advisory opinions. In re Certified Question, supra at 1225. Hence, this Cotut has not “default[ed] on its responsibility” by adhering to the constitutional constraints imposed by the people of this state. Rather, we have honored our responsibility.
Kelly, J. I would answer the certified question.

 I note that this Court is obliged to construe federal law without the assistance of a certification process. That we lack such a vehicle in no way undermines our obligation to apply federal law faithfully in our cases. I see no basis for concluding that federal courts will be less dedicated to their task than we are to ours. Therefore, it is not apparent to me why our decision not to answer the certified question is detrimental and deleterious to our federal structure.